UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN D. HAMLET,

    Petitioner,

    v.    CAUSE NO.: 3:18-CV-998-JD-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Kevin D. Hamlet, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction and sentence under Cause No. 49G15-1606-F6-024163. On August 11, 2016, the Marion County Court sentenced Hamlet to two years of community corrections.

Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025-26. Until exhaustion has occurred, federal habeas relief is not available. *See id.*

Hamlet did not seek direct appeal, but he filed a post-conviction relief petition on November 25, 2016. That petition was denied on December 22, 2017, and Hamlet appealed to the Court of Appeals of Indiana. His appeal was denied on September 28, 2018. He then filed a petition for rehearing. His petition for rehearing was just denied on November 30, 2018. He does not indicate that he has sought transfer to the Indiana Supreme Court, but he may still have an opportunity to do so if he acts quickly. The Indiana Rules of Appellate Procedure provide that, where rehearing was sought, "[a] Petition to Transfer shall be filed… no later than thirty (30) days after the Court of Appeals' disposition of the Petition for Rehearing." (Ind. R. App. P. 57(C). Thus, he has not yet exhausted his claims.[1] Until he does so, he cannot obtain federal habeas relief.[2] 28 U.S.C. § 2254(b)(1)(A). Accordingly, the petition will be dismissed without prejudice to his right to file a new petition after exhausting his available state court remedies.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d

---

[1] Hamlet does note that he filed a writ of mandamus with the Indiana Supreme Court, but a writ of mandamus is an extraordinary remedy and "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefore, [it will not] constitute fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). *See also State ex rel. Seal v. Madison Superior Court No. 3*, 909 N.E.2d 994, 995 (Ind. 2009)("The writ of mandamus is an extraordinary remedy, equitable in nature and viewed with disfavor.").

[2] This has been explained to Hamlet previously, as this is not his first challenge to this conviction. He filed a petition for habeas review in the Southern District of Indiana under cause number 2:17-CV-573-WTL-MPB. That petition was also dismissed without prejudice because he had not yet exhausted his claims.

2

721, 725 (7th Cir. 2006). Here, Hamlet's one-year limitations period for federal habeas review began to accrue when the time to seek direct review from the Indiana Court of Appeals expired on September 12, 2016. *See* 28 U.S.C. § 2244(d)(1)(A); Ind. R. App. P. 9 (requiring that an appeal be initiated within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary); Ind. R. Trial P. 6(A) ("[t]he period runs until the end of the next day that is not a Saturday, a Sunday, a legal holiday, or a day on which the office is closed."). He filed his post-conviction relief petition on November 25, 2016, which tolled the one-year limitations period until its conclusion. *See id.* § 2244(d)(2). The Court of Appeals of Indiana just denied his motion for rehearing a few days ago, on November 30, 2018. Therefore, he will have ample time to return to this court after he exhausts his claim in State court and dismissing this petition will not effectively end his chance at habeas corpus review. In sum, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging him to proceed further in federal court until he has exhausted his claims in State court.

For these reasons, the court:

(1) DISMISSES without prejudice the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are unexhausted;

(2) DENIES Kevin D. Hamlet a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on December 12, 2018

          /s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT